## AS TO CONFORMITY TO THE STATUTE REGULATING ASSIGNMENT OF WAGES.

Common Pleas Court of Franklin County.

### P. L. ANDREWS v. STATE OF OHIO.

Decided, January, 1914.

*Salary and Wages—Assignments of—Amount Due Must be Shown in Figures—Section 6346-4.*

It is a violation of the statute relating to the assignment of wages to fail to fill in the blank form provided by statute, in figures, the amount due from the assignor under the assignment.

EVANS, J.

Heard on petition in error to the Police Court of Columbus.

Several grounds of error are relied on.

The gist of the charge in the affidavit is: that defendant below, then engaged in the business of purchasing and making loans upon salaries and wage earnings in accordance with the law of Ohio, * * * did unlawfully retain a certain assignment of salary and wages from one Calvin Dixon, upon a printed form in which there were blank spaces; and did improperly and unlawfully fill a certain blank space therein by writing the word "all" before the word "dollars" "for services rendered and to be rendered by me within three years from date hereof," instead of and in lieu of "$36.15 for services rendered and to be rendered," the same being the proper and true amount the payment of which said assignment was intended to cover and secure.

The statute under which this prosecution is had, Section 6346-4, and the penal statute, Section 6346-6, General Code, provide:

Section 6346-4: "No person * * * so licensed shall receive any assignment of salary or wages signed in blank, but all blank spaces shall be filled in with ink or typewritten with the proper names and figures, showing the name of the firm, person or corporation by whom the person making the conveyance or assignment is employed," etc.

Section 6346-5 limits the rate of interest to eight per cent. per annum upon the principal sum. In addition, a reasonable charge may be made for investigation, examination, collection and all

other charges, not to exceed ten per cent. upon the principal sum, and any contract, conveyance, or assignment for the purchase or assignment of any salary or wage earnings and any loan upon chattels or personal property whatever shall be void,'' * * * which provides for or contemplates the payment of any amount or sum in excess of the rates or charges herein provided for, etc.   Section 6346-6 relates to the penalties.

The principal questions presented by the record are, whether the affidavit charges an offense in violation of said act, and whether there was error in overruling the demurrer thereto, and in the judgment of conviction and sentence of defendant below on the trial.

That is the intended meaning of the language of the statute, Section 6346-4, to-wit: No person * * * so licensed, shall receive any assignment of salary or wages signed in blank, but all blank spaces shall be filled in with ink or typewritten with the proper names and figures, etc.

In the assignment in question, instead of writing in words or figures the amount of dollars to be assigned for services and to be rendered, it was written therein, ''I hereby assign my claim against * * * to the amount of all dollars for services rendered and to be rendered by me within three years from date hereof, and authorize the amount due and to become due to me from said company to be paid P. L. Andrews, his order or assigns.''

A determination of the question depends upon a construction of said act.

There have been no adjudicated cases construing the act in said respect.

It is claimed by plaintiff in error that inasmuch as all the blanks were filled before signing, that the assignment was only collateral to secure the payment of the loan of $35; and that Dixon, the assignor, had authority of law to assign whatever property he had or would come to him, including wages or earnings; that therefore it was no violation of this act to so fill said blank without designating in amount in dollars the wages or earnings assigned.

This act, like many others, is grounded upon public policy. Its scope is intended to protect persons working for hire or wages

against unreasonable exactions by persons, so employed, in loaning money, and in receiving assignments of wages or earnings; and also, in protecting the families of wage earners against such unreasonable exactions, and thereby impairing and reducing means of livelihood. This is evident from the fact that the statute provides that the assignment shall contain the name of the husband or wife.

The statute also provides Section 6346-5 ''* * * any assignment of any salary or wage earnings and any loan * * * shall be void,'' which provides for or contemplates the payment of any amount or sum in excess of the rates or charges herein provided for.

In my opinion it would make no difference whether the assignment of wages was absolute or whether it was made as collateral security for the loan; for if the latter, it could not contemplate an amount in excess of the rates and charges provided by the statute.

The best means of determining whether the assignment is so in excess or not would be determined from the amount stated in the assignment itself.

The loan was for an agreed specified amount, the rate of interest and the rate for extra charges are definitely fixed by statute; the time the loan runs, its maturity, is fixed by the contract. When due it must be paid, or may be renewed. If not paid or renewed the wages or earnings so assigned are payable to the lender.

I am unable to see wherein the lender stands to lose for his loan upon an assignment of wages specifically stating the amount thereof, upon a properly executed system under the provision of said act.

Section 4 of said act is plain, and I see no reason why it should not be complied with in all such transactions. It is intended that such blanks shall be filled with the proper amount, and a person licensed in such business violates the statute by so neglecting or avoiding the provisions.

I have examined all grounds of error relied on, and am of the opinion that there is no material error in the record.

Judgment below is affirmed at cost of plaintiff in error.